UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| J. TODD WALTERS | : |
| | : |
| v. | : CIV. NO. 3:10cv647(WWE) |
| | : |
| GENERATION FINANCIAL | : |
| MORTGAGE LLC, AMSTON | : |
| MORTGAGE CO. INC. | : |
| | : |

# RULING ON PLAINTIFF'S REQUEST FOR LEAVE TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES

Pending is plaintiff's request for leave to serve more than twenty-five interrogatories. **[doc. # 48]**. The Court held a telephone status conference on April 13, 2011 to address the matter and, after careful consideration, **GRANTS** the request.

## BACKGROUND

On April 5, 2010, plaintiff J. Todd Walters filed suit against defendants Generation Financial Mortgage LLC and Amston Mortgage Co. Inc. in state court, asserting claims for breach of contract; breach of the covenant of good faith and fair dealing; violation of section 31-51q of the Connecticut General Statutes; and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA"). The case was removed to federal court on April 27, 2010. Plaintiff amended his complaint, adding claims for fraud, wrongful discharge and breach of fiduciary duty. [doc. # 24].

Plaintiff's allegations stem from his claim that he was wrongfully terminated by Generation Financial after Generation Financial purchased his company, Amston Mortgage. In addition, plaintiff claims that upon termination, Generation Financial

wrongfully called his stock in the company. Plaintiff now seeks leave to file thirty-five interrogatories.[1]

**NUMBER OF INTERROGATORIES**

A party may, as of right, serve up to twenty five interrogatories on the opposing party. Fed.R.Civ.P. 33(a). The number of interrogatories may be expanded by joint stipulation or court order. Id. A party seeking leave to serve more than twenty-five interrogatories must demonstrate specifically why each one of the proposed additional interrogatories is necessary. Duncan v. Paragon Publ'g Inc., 204 F.R.D. 127, 128 (S.D. Ind. 2001). The court may find numerous interrogatories appropriate where a case presents complex issues, technical matters or where significant amounts of money are at stake. Moore's Federal Practice 3D § 33.30[3][b].

Plaintiff argues that this is not a straightforward breach of contract case, given the claims regarding plaintiff's status as both an employee and a shareholder of Generation Financial which entitles him to information regarding the stock's valuation, performance and distributions, in addition to information surrounding his termination. Defendants disagree, arguing that plaintiff can obtain the requested information through depositions.

Given the allegations in the amended complaint, which expand plaintiff's original claims, by adding claims for breach of fiduciary duty and fraud, the Court finds that the additional ten interrogatories are not inconsistent with the Federal Rules of Civil

---

[1] Defendants contend that there are 60 interrogatories because they are counting each subpart as a separate interrogatory. However, "subparts may be counted as part of one interrogatory if they are logically and necessarily related to the primary question." Moore's Federal Practice 3D § 33.30[2] (citing cases).

Procedure. The interrogatories are not duplicative, as defendants conceded, and they seek information related to the claims in this case. Accordingly, the Request for Leave to File More than Twenty-Five Interrogatories [Doc. #48] is **GRANTED**.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 21st day of April 2011.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE