UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J. TODD WALTERS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:10-CV-647 (WWE) |
| | : | |
| GENERATION FINANCIAL | : | |
| MORTGAGE, LLC, and AMSTON | : | |
| MORTGAGE CO., INC. | : | |
| Defendants. | : | |

## ORDER COMPELLING RESPONSES TO DISCOVERY

Plaintiff has moved pursuant to Federal Rule of Civil Procedure and Local Rule 37 for an

order compelling complete responses to plaintiff's discovery on grounds that defendants have not

fully replied to the outstanding discovery.

Plaintiff served interrogatories and requests for production on defendants on March 29,

2011.  On September 23, 2011, after no responses or motions for extension of time were filed

regarding the discovery, plaintiff filed his first motion to compel responses.

On November 2, 2011, defendants responded to plaintiff's requests with objections.  On

January 12, 2012, the Court ordered defendants to respond to plaintiff's interrogatories without

raising objections and to pay plaintiff's expenses incurred in making the motion ($243.00).

On January 25, 2012, defendants filed amended answers to the discovery without raising

objections to the interrogatories.  Plaintiff, believing that defendants' responses to three

interrogatories were insufficient, sent defendants' counsel two emails on March 19 and 20, 2012,

requesting additional production.  Plaintiff's counsel followed up with an email on April 19,

2012, and several telephone calls, but never received a definitive response from defendants'

counsel about whether defendants would produce the additional information.

Specifically, plaintiff has requested additional production regarding three interrogatories, numbered 9, 11, and 17.

**Interrogatory No. 9**

Interrogatory number 9 relates to the distribution of LLC membership units over time, subsequent to plaintiff's membership. Defendants contend that their responses were adequate. Namely, each member's date of joinder is listed giving plaintiff the ability to identify ownership over time. Therefore, no action is necessary at this time.

**Interrogatory No. 11**

Interrogatory number 11 relates to the identification of persons entitled to preferential distributions in the event of a sale of defendant Generation and the basis for such preference. Defendants acknowledge they were in the process of gathering the requested information after realizing that they did not fully answer the interrogatory. Defendants contend that "[i]f Plaintiff had simply called and asked for a status report, he would have learned that the information was being prepared and that a motion to compel was not necessary." However, contention over telephone calls aside, defendants did not address plaintiff's efforts to obtain additional production via the two emails on March 19 and 20, 2012, followed up with an email on April 19, 2012. These emails show that the necessity of plaintiff's motion to compel was not the result of plaintiff's failure to inquire.

Defendants are ordered to respond fully to interrogatory number 11.

**Interrogatory No. 17**

Interrogatory number 17 relates to the identification of compliance audits regarding defendants' telephone call center. Specifically, plaintiff requested the production of all documents related to any audit reports. Although defendants answered that a report was issued

on March 18, 2010, they declined to produce it.  Instead, defendants objected based on relevance grounds.  Defendants argue that "[n]o attempt is made to explain substantively why the audit is relevant. Indeed, the basic elements of a whistleblower claim are that Plaintiff made a complaint and was retaliated for making such a complaint. The relevance of the contents of the audit report itself is not readily apparent. Accordingly, Plaintiff is not entitled to production of the audit report."

Plaintiff contends that "[t]he internal audit report is directly relevant to plaintiff's whistleblower claims under Conn. Gen. Stat. §31-51q, as it is an investigation of the issues on which plaintiff claims retaliation."  The Court agrees with plaintiff.  The quantity and quality of noncompliance, as documented by the audit report, may be probative in determining whether adverse action against plaintiff (if any) was motivated or caused by plaintiff's complaints concerning such noncompliance.  Therefore, defendants shall produce the audit report.

**Costs**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court must require the party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses. However, the Court must not order this payment if the opposing party's nondisclosure or objection was substantially justified.

Defendants' failure to respond fully to interrogatory number 11 was not justified. However, plaintiff's motion to compel additional responses to interrogatory number 9 appears to have been unnecessary.  Furthermore, although the Court now orders defendants to produce the document requested in interrogatory number 17, defendants' objection was substantially justified. Therefore,  no further sanctions will be awarded at this time.

Plaintiff reported in this latest motion to compel that defendants had not paid plaintiff's

expenses incurred in making his January 12, 2012 motion.  Defendants are instructed to make

that payment of $243.00 by May 23, 2012.  So ordered.


        Dated this 15th day of May, 2012 at Bridgeport, Connecticut.



                                        _____/s/_____
                                        WARREN W. EGINTON
                                        SENIOR UNITED STATES DISTRICT JUDGE